BLANCHE DUGAN, ADMINISTRATRIX AD PROSEQUENDUM, PLAINTIFF, v. PUBLIC SERVICE TRANSPORTATION COMPANY, DEFENDANT.

Decided February 10, 1927.

**Negligence—Death of Pedestrian Caused by Being Struck by Motor Bus—Pedestrian was Not Using Street Crossing, but Motor Driver Saw Him, Blew His Horn, but Made No Further Effort to Avoid Collision—Held, Jury was Justified in Finding No Contributory Negligence—Verdict of $14,500 Not Excessive.**

On rule to show cause, Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Joseph Coult.*

*Contra, John W. McGeehan, Jr.*

PER CURIAM.

The plaintiff sued as administratrix *ad prosequendum* of her deceased husband, who died as a result of being struck by a jitney bus owned and operated by the defendant company. The trial resulted in a verdict in favor of the plaintiff for $14,500.

While the decedent, in the daytime, was crossing from the east side of South Essex avenue, in the city of Orange, the automobile bus of the defendant, running in a southerly direction, struck the deceased while he was on the street, near the middle of the block.

It is argued that there was no proof of any negligence on the part of the bus driver. We think that there was sufficient to go to the jury. The driver saw the decedent while he was crossing the street, and he should have used reasonable care to avoid injuring him, either by slowing down

or turning his bus to the left. He did neither of these things, but kept on his course, blowing his whistle as though his duty was satisfied with that act.

It is contended that the decedent was guilty of contributory negligence. He, undoubtedly, had a right to cross the street, even though he saw the bus approaching, provided he used due care and reasonable judgment in his effort to cross, in view of all the incidental dangers of street travel confronting him. He was justified in presuming that the driver, after having seen him, would so handle his car as to avoid running him down. This made it a question for the jury to say whether the driver of the bus was negligent, and also whether the decedent was negligent. The jury found these facts in favor of the plaintiff, and it cannot be said that their finding was against the weight of the evidence.

The final contention is that the court erroneously refused to charge the jury the following request submitted by defendant: "A pedestrian attempting to cross a street at a place other than a crosswalk must exercise greater care for his own safety than one attempting to cross on a crosswalk, as a pedestrian crossing at a place other than a crosswalk has no greater preference than any other authorized user of the street." The request was too general and comprehensive, since the question in every case is whether or not the foot passenger used care commensurate with the danger of his environment, whether at a crossing or in the middle of the block, for negligence in any circumstances is always a relative term, where the facts are capable of discussion and different inferences may be drawn therefrom. *Napodensky* v. *West Jersey Railway Co.*, 85 *N. J. L.* 336.

This we think the learned trial court substantially charged the jury, was the obligation resting upon the decedent.

It is suggested, but not argued, that the deceased was earning between $3,000 and $3,500 a year. He had an expectation of life of eighteen to nineteen years, which, measured in financial terms, was well within the verdict.

The rule will be discharged.